United States District Court
Southern District of Texas

**ENTERED**

December 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Roxman C. Castro, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action H-19-4933 |
| | § | |
| Bobby Lumpkin, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## Report and Recommendation

Roxman C. Castro has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for capital murder. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

### 1. Background

On February 12, 2013, a jury in the 351st District Court of Harris County, Texas, found Roxman C. Castro guilty. (D.E. 8-1 at 211.) The district court sentenced him to life confinement in the Texas Department of Criminal Justice without the possibility of parole. *Id.*

On August 26, 2014, the Court of Appeals for the First District of Texas affirmed the district court's judgment. (D.E. 8-4.) Castro sought additional time to file a petition for discretionary review and the Texas Court of Criminal Appeals granted an out-of-time petition. (D.E. 8-10 at 5–25, 37–40; D.E. 8-11.) Castro filed the petition, which the Texas Court of Criminal Appeals refused on May 3, 2017. (D.E. 8-13, 8-16.) The Supreme Court of the United States denied Castro's petition for writ of certiorari on October 30, 2017. *Castro v. Texas*, 138 S. Ct. 384 (2017) (mem.).

On October 23, 2018, Castro filed a state application for a writ of habeas corpus. (D.E. 1 at 10; D.E. 8-18 at 4–27.) The Texas Court of Criminal Appeals denied the application without written order on November 27, 2019. (D.E. 8-19.) Castro states that he filed his federal petition for writ of habeas corpus on December 6, 2019. (D.E. 1.)

*2.   Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)−(2).

Because Castro challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Castro's conviction became final on October 30, 2017, when the Supreme Court of the United States denied his petition for writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). Absent tolling, the limitations period would expire one year later, on October 30, 2018.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state

habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

Castro's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Because Castro states that he mailed his application on October 23, 2018, the application is deemed filed that day. (D.E. 1 at 10.) The Texas Court of Criminal Appeals denied Castro's state habeas application on November 27, 2019. (D.E. 8-19.) This tolled the limitations period for 400 days, extending the deadline to file a federal habeas petition to December 4, 2018. Castro mailed his federal petition two days late, on December 6, 2018. "AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions." *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (citing cases that "have denied tolling even where the petition was only a few days late" because of the statute's explicit timelines). Castro's petition is therefore time-barred. No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Castro states that his petition is not time-barred because he was not notified of the state habeas court's decision until December 6, 2019. "Federal courts interpret the federal time period as running from the event described rather than from receipt of notice." *Lookingbill*, 293 F.3d at 262 (collecting cases). The statutory tolling period ended when the Texas Court of Criminal Appeals denied his petition, not when he received notice of the denial.

A petitioner may be entitled to equitable tolling if he can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances may be found in situations where a petitioner is actively misled about the cause of action or is prevented from asserting his right to file by some extraordinary factor beyond his control. *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000). After his conviction became final, Castro waited nearly one year to file his state habeas application. Nothing in the record shows that he was prevented from filing the application earlier. Castro does not explain the delay. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that petitioner's circumstances do not warrant equitable tolling when no

explanation for filing delay is given). Application of equitable tolling is not warranted.

*3.   Conclusion*

The court recommends that Lumpkin's motion for summary judgment be granted and that Castro's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 2, 2020.

Peter Bray

United States Magistrate Judge